IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:04-3-HMH |
| | ) | C/A No. 6:05-1052-HMH |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Francisco De La Cruz-Ortiz, | ) | |
| | ) | |
| Movant. | ) | |

  This matter is before the court on Francisco De La Cruz-Ortiz's ("De La Cruz-Ortiz") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his § 2255 motion, De La Cruz-Ortiz raises three grounds for relief. One of De La Cruz-Ortiz's grounds is that he was denied his right to appeal. (Pet. at 5.) De La Cruz-Ortiz asserts, "On the day I was given my sentence, I asked my attorney for an appeal. He said that if I put in an appeal that I would get more time on my sentence. Which is why I did not submit a direct appeal." (Id.)

  "[A] criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). De La Cruz-Ortiz alleges that he asked his attorney to file an appeal and that his attorney did not file an appeal, but instead dissuaded him from pursuing an appeal altogether. Based on these allegations, out of an abundance of caution, the court vacates De La Cruz-Ortiz's sentence and immediately reimposes and reinstates his judgment of conviction. See Peak, 992 F.2d at 42; United States v. Slate, No. 97-4653, 1998 WL 387256, at *1 (4th Cir. June 24, 1998) (unpublished). This action

1

will allow De La Cruz-Ortiz to take a timely appeal pursuant to Rules 4(b) & (c) of the Federal Rules of Appellate Procedure.  De La Cruz-Ortiz's remaining claims are dismissed without prejudice.  De La Cruz-Ortiz will have the right to file another § 2255 motion after his direct appeal is concluded, should he choose to do so.  See United States v. Killian, No. 01-7470, 2001 WL 1635590, at *1 (4th Cir. Dec. 20, 2001) (unpublished).  Finally, if De La Cruz-Ortiz timely files a notice of appeal, an attorney will be appointed to represent him unless he has already retained counsel.  Cf. id.

Therefore, it is

**ORDERED** that De La Cruz-Ortiz's sentence is vacated and his judgment of conviction is immediately reimposed and reinstated with the date of imposition of judgment being the filing date of this order.

**IT IS SO ORDERED.**

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 9, 2005

### NOTICE OF RIGHT TO APPEAL REIMPOSED JUDGMENT OF CONVICTION

Movant is hereby notified that he has **TEN** (10) days from the filing date of this order in which to file a notice of intent to appeal his judgment of conviction, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.

The notice immediately below relates only to movant's right to appeal this order and should not be confused with the ten-day period in which to file a notice of intent to appeal the judgment of conviction.

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified of his right to appeal <u>this order</u> within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.